JASON CAVEZZA
Reg. No. 71501-065
MVCC, (Unit-A Pod-4)
555-I Geo Drive
Philipsburg, PA 16866

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Case: 1:15-cv-00182
Assigned To : Boasberg, James E.
Assign. Date : 2/5/2015
Description: FOIA/ Privacy Act

JASON CAVEZZA,

Plaintiff-Petitioner,

vs.

U.S. DEPARTMENT OF JUSTICE, et, all.,
U.S. DEPARTMENT OF HOMELAND SECURITY,
U.S. DEPARTMENT OF STATE,

Defendants-Respondents.

## CIVIL COMPLAINT

Plaintiff  JASON CAVEZZA, a federal prisoner of the B.O.P. Registration No. 71501-065, housed at Moshannon Valley Correctional Center.  Is hereby submitting his federal complaint alleging Civil and Criminal violations of the Provision of the Freedom of Information and Privacy Act and other federal violations.

(1 of 16)

RECEIVED
Mail Room

JAN 2 0 2015

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

## JURISDICTION

FOIA provides that every government agency, "upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules . . . , shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A). Certain information is exempt from disclosure. Of primary relevance here, "records or information compiled for law enforcement purposes" are exempt, but only to the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings, . . . [or] could reasonably be expected to constitute an unwarranted invasion of personal privacy . . . .Id. § 552(b)(7).

FOIA "was enacted to facilitate public access to Government documents" and "was designed to 'pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny.'" Dep't of State v. Ray, 502 U.S. 164, 173, 112 S. Ct. 541, 116 L. Ed. 2d 526 (1991) (quoting Dep't of Air Force v. Rose, 425 U.S. 352, 361, 96 S. Ct. 1592, 48 L. Ed. 2d 11 (1976)). Because of FOIA's "goal of broad disclosure," the Supreme Court has "insisted that the exemptions be 'given a narrow compass.'" Milner v. Dep't of Navy, 131 S. Ct. 1259, 1265, 179 L. Ed. 2d 268 (2011) (quoting Dep't of Justice v. Tax Analysts, 492 U.S. 136, 151, 109 S. Ct. 2841, 106 L. Ed. 2d 112 (1989)); accord FBI v. Abramson, 456 U.S. 615, 630, 102 S. Ct. 2054, 72 L. Ed. 2d 376 (1982) ("FOIA exemptions are to be narrowly construed."). FOIA's "limited exemptions do not obscure the basic policy that disclosure, not secrecy, is the dominant objective of the Act." Dep't of Interior v. Klamath Water Users Protective Ass'n, 532 U.S. 1, 8, 121 S. Ct. 1060, 149 L. Ed. 2d 87 (2001) (quoting Rose, 425 U.S. at 361).

The agency bears the burden of establishing that a claimed exemption applies. Dep't of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 755, 109 S. Ct. 1468, 103 L.

Ed. 2d 774 (1989); Elec. Frontier Found. v. Dep't of Justice, 739 F.3d 1, 7 (D.C. Cir. 2014); see 5

U.S.C. § 552(a)(4)(B). The agency may carry that burden by submitting affidavits that "describe

the justifications for nondisclosure with reasonably specific detail, demonstrate that the

information withheld logically falls within the claimed exemption, and are not controverted by

either contrary evidence in the record nor by evidence of agency bad faith." Larson v. Dep't of

State, 565 F.3d 857, 862, 385 U.S. App. D.C. 394 (D.C. Cir. 2009) (quoting Miller v. Casey, 730

F.2d 773, 776, 235 U.S. App. D.C. 11 (D.C. Cir. 1984)). Agency affidavits sometimes take the

form of a "Vaughn index," see Vaughn v. Rosen, 484 F.2d 820, 157 U.S. App. D.C. 340 (D.C.

Cir. 1973), but there is "no fixed rule" establishing what such an affidavit must look like, ACLU

v. CIA, 710 F.3d 422, 432, 404 U.S. App. D.C. 235 (D.C. Cir. 2013). "[I]t is the function, not the

form, of the index that is important." Keys v. Dep't of Justice, 830 F.2d 337, 349, 265 U.S. App.

D.C. 189 (D.C. Cir. 1987); see generally Judicial Watch, Inc. v. FDA, 449 F.3d 141, 145-46

(D.C. Cir. 2006) (explaining functions of Vaughn index).

At times, the FOIA litigation process threatens to reveal "the very information the agency

hopes to protect" and therefore it may be necessary for the agency affidavit to contain only "brief

or categorical descriptions" of the withheld information. ACLU, 710 F.3d at 432; see also

Judicial Watch, 449 F.3d at 146. In such circumstances, "the government need not justify its

withholdings document-by-document; it may instead do so category-of-document by category-of-

document, so long as its definitions of relevant categories are sufficiently distinct to allow a court

to determine whether the specific claimed exemptions are properly applied." Gallant v. NLRB,

26 F.3d 168, 173, 307 U.S. App. D.C. 27 (D.C. Cir. 1994) (quotation marks and ellipsis

omitted); accord Crooker v. Bureau of Alcohol, Tobacco & Firearms, 789 F.2d 64, 67, 252 U.S.

App. D.C. 232 (D.C. Cir. 1986). Categorical treatment, however, may be used "[o]nly when the

range of circumstances included in the category 'characteristically support[s] an inference' that the statutory requirements for exemption are satisfied." Nation Magazine v. U.S. Customs Serv., 71 F.3d 885, 893, 315 U.S. App. D.C. 177 (D.C. Cir. 1995) (quoting Dep't of Justice v. Landano, 508 U.S. 165, 177, 113 S. Ct. 2014, 124 L. Ed. 2d 84 (1993)); accord Reporters Comm., 489 U.S. at 776 ("[C]ategorical decisions may be appropriate and individual circumstances disregarded when a case fits into a genus in which the balance characteristically tips in one direction."); Roth v. Dep't of Justice, 642 F.3d 1161, 1183-84, 395 U.S. App. D.C. 340 (D.C. Cir. 2011).

With these parameters in mind, this civil complaint is being filed pursuant to the FOIA/PA, and  Article III of the U.S. Constitution, in tandem with Title 28 U.S.C.§ 1331 and  28 U.S.C. § 1316 28 U.S.C.§ 1361; 28 U.S.C. 1651 "All Writ Act"  5 U.S.C. § 553.

## **PARTIES INVOLVED**

**PLAINTIFF:**

- Jason Cavezza, Reg. No. 71501-065, MVCC (Unit-A Pod-4), 555-I Geo Drive, Philipsburg, PA 16866.

**DEFENDANTS:**

THE U.S. DEPARTMENT OF JUSTICE;

- EXECUTIVE OFFICE FOR THE U.S. ATTORNEYS (EOUSA), 600 E. Street N.W., Suite 7300, Washington, D.C. 20530;

- DRUG ENFORCEMENT ADMINISTRATION (DEA), Headquarters, 8701 Morrissette Drive, Springfield, Virginia 22152;

- INTERPOL - U.S., National Central Bureau, Washington, D.C. 20530-0001;

- OFFICE OF INTERNATIONAL AFFAIRS (OIA), Criminal Division, Suite 1127, 950

Pennsylvannia Ave., N.W., Washington, D.C. 20530-0001;

- UNITED STATES MARSHALS SERVICE (USMS), Office of General Counsel, 2604 Jefferson Davis Hwy, Alexandria, VA 22301;

DEPARTMENT OF HOMELAND SECURITY (DHS), National Records Center, P.O. Box 648010, Lee's Simmit, MO 64064-8010;

UNITED STATES DEPARTMENT OF STATE (DOS), Office of Information and Services, Building SA-2, 515 22nd Street, N.W., Washington, D.C. 20522-8100.

## EXHAUSTION OF ADMINISTRATIVE REMEDY

Plaintiff exhausted the mandatory administrative remedy against each of the defendants except the Drug Enforcement Administration (DEA), however, an appeal is pending before said Agency; Department of Homeland Security (DOS) has a pending reconsideration and appeal pending before the Office of Information Policy (OIP).

## FIRST CAUSE OF ACTION

Executive Office for the U.S. Attorneys - On September 12th, 2013 I submitted a FOIA/PA request for specific documents that were originated in the U.S. District Court for the District of Oregon, and in possession of the U.S. Attorney in that Jurisdiction, Case No. **3:02-cr-00491-KI-15.**

On October 22nd, 2013 I received a letter from said Office acknowledging receiving my request and providing request No. **13-3524.** On March 17, 2014 I sent a Certified Letter No. **7011 3500 0000 5853 1540** providing the Executive Office to respond within 10 working days.

On April 30, 2014 I appealed to the Office of Information Policy (OIP) for lack of dispositive response from the EOUSA. On May 20, 2014 I mailed a certified letter no. **7013 0600 0001 4040 0859** following up that I have not received anything from OIP. On May 29, 2014 I

received a letter dated May 23, 2014 from OIP with the Appeal No. **AP-2014-02916**. On June 16, 2014 I recieved a letter dated June 12, 2014 from OIP informing me that there is no action for the OIP to consider on appeal. However, OIP assured me that my request is currently being processed. On July 21, 2014 I mailed another follow-up letter to the EOUSA with my intent to bring suit if my request is not handeled within 10 working days. On September 04, 2014 I sent another appeal by default to the OIP, After such on a letter dated September 22, 2014 from EOUSA I received some files.

On September 26, 2014 I appealed the action by the EOUSA to the OIP on October 7, 2014 I received a letter dated October 10, 2014 with appeal No. **AP-2015-00040**. On December 19, 2014 I received a letter dated December 15, 2014 affirming the action by EOUSA, and if I am dissatisfied with the OIP disision I may file a lawsuit in Federal District Court.

The Specific documents requested are as follows:

[1]. Oaths/affirmations/affidavits associated with all warrants (Provisional warrants) and indicments; and complaints relating to 3:02-cr-00491-15-KI.

[2]. Provisional arrest warrant(s) and any other arrest warrant(s).

[3]. full transcripts of requesters arraignment.

[4]. Consent forms signed by requester to allow arraignment to proceed before a Magistrate Judge. Documents court records that reflect requesters consent for magistrate Judge's hearing(s).

[5]. Court records which chows that Magistrate Judge has Jurisdiction/Power to preside over the case (Jurisdiction/Power - as per U.S. Congress).

[6]. Communique or records which shows that Magistrate Judge was in contact with an Article III Judge throughout his decision process (Article III Judge ordering Magistrate to perform arraignment).

[7]. All judgment and/or orders by the Magistrate Judge pertaining to requester only.

In response to my specific request EOUSA states "**All of the records** (sic) **you seek are being**

made available to you." and further states **"This is a** (sic) **full release."**

### *RELIEF SOUGHT:*

I am respectfully requesting this ageny provide petitioner with the documents requested and in the event that the documents do not exist, this agency shall  admit that they were never created and are not evidenced in the files, the documents petitioner is seeking are Public Records and are mandatory for the government to exercise it authority in an arrest, extradition treaty, adjudicate charges, and incarcerate an individual.   The records are relevant to Plaintiff's Constitutional Liberty interest as without the existence of the documents he shall be freed from incarceration.   The Documents shall be released as the Public Interest (Common Law Right) will also be protected by exposing the illegal ways the Government of the United States is executing its duty over an International Treaty, violating the Constitution, treaties, and laws of the United States. As the records are public information, if existed, Plaintiff is entitled to have them or to have the Agency to admit or deny its existence.

### **SECOND CAUSE OF ACTION**

Drug Enforcement Administration (DEA) - On May 21, 2014 I submitted a FOIA/PA request for specific documents related to my arrest and extradition from Mexico to the United States in 2008, this extradition was the linchpin supporting the criminal conviction in the United States District Court of Oregon, **3:02-cr-00491-15-KI**. Certified No. **7010 1060 0001 6934 1964**. On June 2, 2014 I received a letter dated May 30, 2014 to provide **Form 361**, and Case Number **14-00393-P** on the same day I mailed such Form Certified No. **7014 0510 0000 8569 4457**. On June 13, 2014 I received a letter from the DEA dated June 11, 2014 confirming they received the Form and will proceed with request, Case No. **00393-P**.

On September 04, 2014 I submitted another letter informing the DEA they have an

additional 20 working days to address my request. In a letter dated September 17, 2014 the DEA provided material. on September, 2014 I submitted a letter to OIP as DEA did not address my specific request. on September 29, 2014 DEA provided me with several additional documents (none of which I asked for in my specific request). So On October 20, 2014 and November 3, 2014 I received 2 (two) different appeal nos. In a letter from OIP dated October 14, 2014 I received Appeal no. **AP-2015-00107** and a letter dated October 28, 2014 Appeal no. **AP-2015-00337**. On December 08, 2014 I requested that the OIP join both appeal nos together. I have received no response.

The documents I am requesting are Oaths/affirmations/affidavits associated with all warrants and indictments; and complaints relating to the above referenced case.

### *RELIEF SOUGHT:*

I am respectfully requesting this agency provide petitioner with the documents requested and in the event that the documents do not exist, this agency shall  admit that they were never created and are not evidenced in the files, the documents petitioner is seeking are Public Records and are mandatory for the government to exercise it authority in an arrest, extradition treaty, adjudicate charges, and incarcerate an individual.   The records are relevant to Plaintiff's Constitutional Liberty interest as without the existence of the documents he shall be freed from incarceration.  The Documents shall be released as the Public Interest (Common Law Right) will also be protected by exposing the illegal ways the Government of the United States is executing its duty over an International Treaty, violating the Constitution, treaties, and laws of the United States. As the records are public information, if existed, Plaintiff is entitled to have them or to have the Agency to admit or deny its existence.

### THIRD CAUSE OF ACTION

INTERPOL - U.S. - On June 2nd, 2014 I submitted a specific request for documents related to my arrest and extradoition from Mexico to the United States in 2008, this extradition was the linchpin supporting the criminal conviction in the United States District Court of Oregon, **3:02-cr-00491-15-KI**.

On June 19, 2014 INTERPOL has determined that the requested documents, Oaths/affirmations/affidavits associated with all warrants and indictments; and complaints relating to the above referenced case, are to be **exempt and/or withheld.** On June 27, 2014 I appealed to OIP on July 30, 2014 I received a letter dated July 23, 2014 providing me with Appeal No. **AP-2014-03792**. On August 4, 2014 I received a letter dated August 1, 2014 from OIP remanding my request to INTERPOL.

On August 13, 2014 I received blank pages from INTERPOL and DHS - ICE, remaining silent and vague as to what material they provided as well as the extension to DHS - ICE. On August 14, 2014 I appealed to OIP. On September 10, 2014 I received a letter from OIP dated September 05, 2014 providing Appeal no. **AP-2014-04411**. On October 27, 2014 I received a letter dated October 23, 2014 from OIP affirming, on partly modified grounds, INTERPOL's action, and citing exemptions from disclosure of Public Records I requested.

The documents I am requesting are Oaths/affirmations/affidavits associated with all warrants and indictments; and complaints relating to the above referenced case.

### *RELIEF SOUGHT:*

I am respectfully requesting this agency provide petitioner with the documents requested and in the event that the documents do not exist, this agency shall admit that they were never created and are not evidenced in the files, the documents petitioner is seeking are Public Records

and are mandatory for the government to exercise it authority in an arrest, extradition treaty, adjudicate charges, and incarcerate an individual.   The records are relevant to Plaintiff's Constitutional Liberty interest as without the existence of the documents he shall be freed from incarceration.  The Documents shall be released as the Public Interest (Common Law Right) will also be protected by exposing the illegal ways the Governent of the United States is executing its duty over an International Treaty, violating the Constitution, treaties, and laws of the United States. As the records are public information, if existed, Plaintiff is entitled to have them or to have the Agency to admit or deny its existence.

### FOURTH CAUSE OF ACTION

Office of International Affairs (Criminal Division) - On June 10, 2014 I submitted a FOIA/PA request for specific documents related to my extradition from Mexico to the United States in 2008, this extradition was the linchpin supporting the criminal conviction in the United States District Court of Oregon, **3:02-cr-00491-15-KI**.

On July 7, 2015 I received a letter dated July 3, 2014 from OIA providing request No. **CRM-300454207**. On September 04, 2014 I submitted another letter requesting action within 20 working days to OIA. On October 21, 2014 I appealed to OIP for lack of dispositive response. On November 10, 2014 I received a letter dated November 7, 2014 from OIP providing Appeal No. **AP-2015-00544**. On December 10, 2014 I received a letter from OIP dated December 1, 2014 assuring me OIA will respond and they cannot take any action because OIA has failed to address the request.

On December 17, 2014 I submitted a letter to OIA requesting they address my request within 10 working days. In letter dated January 9, 2015 I received a letter from OIA citing a **"Complex Request"** for the Public Records I requested.

The documents I am requesting are Oaths/affirmations/affidavits associated with all warrants and indictments; and complaints relating to the above referenced case.

## *RELIEF SOUGHT:*

I am respectfully requesting this ageny provide petitioner with the documents requested and in the event that the documents do not exist, this agency shall  admit that they were never created and are not evidenced in the files, the documents petitioner is seeking are Public Records and are mandatory for the government to exercise it authority in an arrest, extradition treaty, adjudicate charges, and incarcerate an individual.   The records are relevant to Plaintiff's Constitutional Liberty interest as without the existence of the documents he shall be freed from incarceration.  The Documents shall be released as the Public Interest (Common Law Right) will also be protected by exposing the illegal ways the Governent of the United States is executing its duty over an International Treaty, violating the Constitution, treaties, and laws of the United States. As the records are public information, if existed, Plaintiff is entitled to have them or to have the Agency to admit or deny its existence.

### FIFTH CAUSE OF ACTION

United States Marshal's Service - On May 2, 2014 I submitted a FOIA/PA request for specific documents related to my arrest and extradition from Mexico to the United States in 2008, this extradition was the linchpin supporting the criminal conviction in the United States District Court for the District of Oregon, **3:02-cr-00491-15-KI**.

On May 15, 2014 pursuant to my request no. **2014USMS25911**, the USMS conducted a search of its files for Oaths/affirmations/affidavits associated with all warrants and indictments; and complaints relating to the above referenced case, but located **no records responsive to my request.** USMS determind that the records sought are under the jurisdiction and control of the

DEA, and forwarded the request to the DEA. (DEA never produced such or confirmed the exictence or not of such - on Appeal with OIP) USMS refrained from admitting or denying the records requested exist or not.

On May 20, 2014 I appealed to the OIP. On June 23, 2014 I received Appeal no. **AP-2014-03291** from the OIP. On July 28, 2014 I received a letter dated July 25, 2014 from OIP which remanded my request to USMS. On September 04, 2014 I provided USMS an additional 20 working says to respond to the remanded request. On October 20, 2014 I appealed to OIP. As of the date of this complaint I have no response from USMS or OIP and as OIP informed me and policy states no action has been taken by USMS so I have jurisdiction to bring suit.

The documents I am requesting are Oaths/affirmations/affidavits associated with all warrants and indictments; and complaints relating to the above referenced case.

### *RELIEF SOUGHT:*

I am respectfully requesting this ageny provide petitioner with the documents requested and in the event that the documents do not exist, this agency shall  admit that they were never created and are not evidenced in the files, the documents petitioner is seeking are Public Records and are mandatory for the government to exercise it authority in an arrest, extradition treaty, adjudicate charges, and incarcerate an individual.   The records are relevant to Plaintiff's Constitutional Liberty interest as without the existence of the documents he shall be freed from incarceration.  The Documents shall be released as the Public Interest (Common Law Right) will also be protected by exposing the illegal ways the Governent of the United States is executing its duty over an International Treaty, violating the Constitution, treaties, and laws of the United States. As the records are public information, if existed, Plaintiff is entitled to have them or to have the Agency to admit or deny its existence.

## SIXTH CAUSE OF ACTION

U.S. Department of Homeland Security (DHS) - On August 6, 2014 I submitted a FOIA/PA request for any and all documents related to me extradition from Mexico, deportation, including but not limited to:

-Oaths/affirmations/affidavits associated with all warrants and indictments; and complaints relating to case no. **3:02-cr-00491-15-KI**.
-Any visa (**Form I-512**) issued under the extradition treaty with Mexico.
-If none of the above requested documents are found in the file record, to please provide a statement that reflects such.

On August 21, 2014 I received a letter providing me with request no. **NRC2014091416**. On august 25, 2014 I submitted a letter requesting paper copies. I received a response with aletter dated September 29, 2014. On October 7, 2014 I submitted a reconsideration to DHS because the specific request was not addressed, and no statement was provided about the specific documents. On Novemebr 20, 2014 I submitted an appeal to OIP. To date I have not received any correspondence from either DHS or OIP.

### *RELIEF SOUGHT:*

I am respectfully requesting this ageny provide petitioner with the documents requested and in the event that the documents do not exist, this agency shall admit that they were never created and are not evidenced in the files, the documents petitioner is seeking are Public Records and are mandatory for the government to exercise it authority in an arrest, extradition treaty, adjudicate charges, and incarcerate an individual. The records are relevant to Plaintiff's Constitutional Liberty interest as without the existence of the documents he shall be freed from incarceration. The Documents shall be released as the Public Interest (Common Law Right) will also be protected by exposing the illegal ways the Governent of the United States is executing its duty over an International Treaty, violating the Constitution, treaties, and laws of the United

States. As the records are public information, if existed, Plaintiff is entitled to have them or to have the Agency to admit or deny its existence.

### SEVENTH CAUSE OF ACTION

U.S. Department of States (DOS) - On May 2, 2014 I submitted a FOIA/PA request for specific documents related to my arrest and extradition from Mexico to the United States in 2008, this extradition was the linchpin supporting the criminal convictionin the United States district Court for the District of Oregon, **3:02-cr-00491-15-KI**.

On June 10, 2014 I received a letter dated June 2, 3014 with Control Number **F-2014-08929** rejecting my request. On June 12 2014 I re-submitted my request with the corrections and DOS Certification of Identity. on August 5, 2014 I submitted my request be addressed within an additional 10 working day, certified no. **7014 1200 0000 3798 1843**. On September 11, 2014 I appealed to OIP for lack of dispositive response. On September 25, 2014 I received a letter dated September 23, 2014 from OIP providing me with the proper avenue to appeal DOS requests as OIP cannot handle such. On September 30, 2014 I appealed to John F. Hackett, DOS request No. **F-2014-08929-FOIA/PA**. On October 8, 2014 with a New Control No. **F-2014-17218**. I did provide authorization and there is no 3rd party to this request.

On October 20, 2014 I submitted me FINAL request citing both Control Number **F-2014-17218** and **F-2014-08929**, provided DOS with an additional 20 working days to respond. To date I have received no response.

The documents I am requesting are Oaths/affirmations/affidavits associated with all warrants and indictments; and complaints relating to the above referenced case.

## *RELIEF SOUGHT:*

I am respectfully requesting this ageny provide petitioner with the documents requested and in the event that the documents do not exist, this agency shall  admit that they were never created and are not evidenced in the files, the documents petitioner is seeking are Public Records and are mandatory for the government to exercise it authority in an arrest, extradition treaty, adjudicate charges, and incarcerate an individual.   The records are relevant to Plaintiff's Constitutional Liberty interest as without the existence of the documents he shall be freed from incarceration.  The Documents shall be released as the Public Interest (Common Law Right) will also be protected by exposing the illegal ways the Governent of the United States is executing its duty over an International Treaty, violating the Constitution, treaties, and laws of the United States. As the records are public information, if existed, Plaintiff is entitled to have them or to have the Agency to admit or deny its existence.

### RELIEF REQUESTED

Plaintiff is requesting a Declaratory injuction compelling each of the Agencys involved to comply with the provisions of the Freeedom of Information Act and Privacy Act, and to produce the requested documents and/or to admit or *deny* its existance as the Documents petitioner is seeking are a matter of Public Record, and if there is no such record in their files, Plaintiff is further requesting a monetary Judgment against Each of the Defendants as if the records requested are not in the file, the United States acted without authority to extradite a Citizen of Canada visiting Mexico, all in Violation of the International Treaty in Extradition, Constitution, and laws of the United States.

### JURY TRIAL REQUESTED

In the event this Court grants a Declaratory Judgment against any or all of the Defendants,

Petitioner is requesting that the Amount of money awarded be decided by a Jury of 12,  However, Plaintiff is requesting over a million dollars for each Constitutional Violation involved, as to each Defendant individually.  Petitioner would  accept any other legal remedy this Court finds appropriate.

 WHEREFORE, for the foregoing reasons Plaintiff is Respectfully requesting this Matter be expedited as he is a Citizen of Canada and will be Deported to his native country in the next four (4) months.


Respectfully submitted.


_____  Dated this 15th day of January, 2015.

JASON CAVEZZA
Reg. No. 71501-065
MVCC, (Unit-A Pod-4)
555-I Geo Drive
Philipsburg, PA 16866