UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JASON CAVEZZA,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE, *et al.*,<br><br>Defendants. | Civil Action No.  15-182 (JEB) |

## MEMORANDUM OPINION

In 2008, *pro se* Plaintiff Jason Cavezza was arrested and extradited from Mexico for conspiracy to distribute more than 100 kilograms of marijuana.  While incarcerated in federal prison, Cavezza has submitted Freedom of Information Act and Privacy Act requests to the Department of Justice and its components in an attempt to obtain documents showing he was wrongfully extradited.  Dissatisfied with the responses to his requests, Cavezza filed this suit, and some DOJ components have now separately moved for summary judgment.  This Opinion concerns only the Motion filed by Interpol, U.S. National Control Bureau (USNCB).  As Cavezza essentially concedes that this entity has adequately conducted its search, correctly applied FOIA and PA exemptions to redacted materials, and appropriately segregated portions of documents, the Court will grant its Motion.

**I.     Background**

The Court sets forth background facts that relate to Plaintiff's interaction only with USNCB.  On June 12, 2014, that entity received a FOIA and PA request from Plaintiff seeking "all information regarding himself."  To aid the request, he provided his full name, date and place of birth, and "also referenced limited information about an extradition case and conviction,

1

in the U.S. District Court, District of Oregon . . . ." Mot., Att. 3 (Declaration of Daniel P. Dembkowski), ¶ 12. USNCB subsequently conducted a search of its systems, using Cavezza's name as a search criterion, and recovered several responsive documents. See id., ¶¶ 10-14. Defendant, however, then invoked FOIA Exemption 7(A) to withhold them, maintaining that their release would interfere with ongoing law-enforcement proceedings. See id., ¶ 15. Unhappy with this result, Cavezza appealed to the Office of Information Policy. See id., ¶ 16. OIP decided the question in his favor and instructed USNCB that it could not rely on Exemption 7(A) to withhold records. See id., ¶¶ 16-19. USNCB thereafter sent Plaintiff a final response on August 7, 2014. See id., ¶¶ 19-20. This transmission indicated that three responsive pages existed: two were released with partial redactions, pursuant to Exemptions 6, 7(C), and 7(D), and one was referred to the Department of Homeland Security, Immigration and Customs Enforcement for review. See id., ¶¶ 20-21. Plaintiff again appealed to OIP, which this time affirmed that decision. See id., ¶¶ 23-24.

Cavezza then sued a series of DOJ components, and USNCB here moves for partial summary judgment. Plaintiff has cross-moved for summary judgment, accompanied by a request for leave to amend his Complaint to add a new claim for monetary compensation.

## II.     Legal Standard

Summary judgment may be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Holcomb v. Powell, 433 F.3d 889, 895 (D.C. Cir. 2006). "[A] material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party" on an element of the claim. Liberty Lobby, Inc., 477 U.S. at 248.

FOIA cases typically and appropriately are decided on motions for summary judgment. Defenders of Wildlife v. U.S. Border Patrol, 623 F. Supp. 2d 83, 87 (D.D.C. 2009); Bigwood v. United States Agency for Int'l Dev., 484 F. Supp. 2d 68, 73 (D.D.C. 2007). A defendant agency seeking summary judgment in a FOIA case must demonstrate that no material facts are in dispute, that it has conducted an adequate search for responsive records, and that each responsive record that it has located has been produced to the plaintiff or is exempt from disclosure. See Students Against Genocide v. Dep't of State, 257 F.3d 828, 833 (D.C. Cir. 2001). The Court may grant summary judgment based solely on information provided in an agency's affidavits or declarations if they are relatively detailed and "describe the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981). Such affidavits or declarations are accorded "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" SafeCard Servs., Inc. v. Sec. & Exch. Comm'n, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting Ground Saucer Watch, Inc. v. Cent. Intelligence Agency, 692 F.2d 770, 771 (D.C. Cir. 1981)).

**III.   Analysis**

FOIA provides that "each agency, upon any request for records which (A) reasonably describes such records and (B) is made in accordance with published rules . . . , shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3). Consistent with this statutory mandate, federal courts have jurisdiction to order the production of records that an agency improperly withholds. See 5 U.S.C. § 552(a)(4)(B); U.S. Dep't of Justice v. Reporters Comm.

3

for Freedom of the Press, 489 U.S. 749, 755 (1989).  "Unlike the review of other agency action that must be upheld if supported by substantial evidence and not arbitrary and capricious, the FOIA expressly places the burden 'on the agency to sustain its action' and directs the district courts to 'determine the matter de novo.'"  Reporters Comm., 489 U.S. at 755 (quoting 5 U.S.C. § 552(a)(4)(B)).  "At all times, courts must bear in mind that FOIA mandates a 'strong presumption in favor of disclosure . . . .'"  Nat'l Ass'n of Home Builders v. Norton, 309 F.3d 26, 32 (D.C. Cir. 2002) (quoting U.S. Dep't of State v. Ray, 502 U.S. 164, 173 (1991)).

Defendant moves for summary judgment, asserting that its search was adequate, its exemptions properly applied, and its segregation of responsive materials appropriate.  Instead of contesting any of these points, Plaintiff spends his page allotment making collateral arguments challenging his extradition and requesting monetary damages.  The Court will nonetheless briefly touch on each of Defendant's issues separately and will conclude by examining Cavezza's Motion to Amend.

    A.  Adequacy of the Search

"An agency fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was 'reasonably calculated to uncover all relevant documents.'"  Valencia-Lucena v. Coast Guard, 180 F.3d 321, 325 (D.C. Cir. 1999) (quoting Truitt v. Dep't of State, 897 F.2d 540, 542 (D.C. Cir. 1990)); accord Steinberg v. Dep't of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994).  "[T]he issue to be resolved is not whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate."  Weisberg v. Dep't of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984).

The adequacy of an agency's search for documents requested under FOIA "is judged by a standard of reasonableness and depends, not surprisingly, upon the facts of each case."  Id.  To

meet its burden, the agency may submit affidavits or declarations that explain the scope and method of its search "in reasonable detail." Perry v. Block, 684 F.2d 121, 127 (D.C. Cir. 1982). Absent contrary evidence, such affidavits or declarations are sufficient to show that an agency complied with FOIA. See id. On the other hand, if the record "leaves substantial doubt as to the sufficiency of the search, summary judgment for the agency is not proper." Truitt, 897 F.2d at 542.

After receiving Cavezza's request here, USNCB searched the sources that could contain responsive records: 1) "[its] system of records [that] consists of electronic and hard copy records of criminal and non-criminal case files"; and 2) administrative files that consist of "non-investigative topical files of hard copies of records and correspondence." Dembkowski Decl., ¶¶ 4-5. USNCB then utilized two separate computerized search engines, the "Envoy Database Search" and "USNCB Case Document Search." Id., ¶ 6. Searching these databases together – as the agency did with Cavezza's request – "provides a comprehensive search of the USNCB system of records" and is "an exhaustive query." Id., ¶ 6.

Plaintiff, in fact, does not contest the adequacy of USNCB's search. See Chambers v. Dep't of Interior, 568 F.3d 998, 1003 (D.C. Cir. 2009) (adequacy of search for both FOIA and PA requests is analyzed using same standard). His only argument is that if certain materials were not located, their non-existence demonstrates the illegality of his extradition. A FOIA suit, of course, is not the vehicle to assert such a challenge, and this Court offers no opinion on the merits of Cavezza's extradition. As USNCB has presented detailed and unchallenged information on its search, the Court believes summary judgment on this point appropriate.

B. Exemptions

The next question is whether the agency's withholdings are justified. Congress exempted nine categories of documents from FOIA's broad sweep. "[T]he statutory exemptions, which are exclusive, are to be 'narrowly construed.'" Norton, 309 F.3d at 32 (quoting Dep't of Air Force v. Rose, 425 U.S. 352, 361 (1976)). Defendant here relies on Exemptions 6, 7(C), and 7(D) to explain its partial redactions. It argues that the first two, which protect personal information, have been properly invoked since the privacy interests here – *i.e.*, keeping names and identification numbers of individuals secret – outweigh the public interests at play. It similarly contends that the third, which covers confidential sources, applies where withholding an informant's name is crucial to maintain USNCB and Interpol's confidential law-enforcement operations. Although the Court does not parse in any detail the applicability of these exemptions, they appear facially valid. More fundamentally, Plaintiff does not challenge any of these redactions or the claimed exemptions. The Court, accordingly, concludes that Cavezza has conceded the issue under LCvR 7(b), and Defendant's FOIA withholdings warrant summary judgment.[1]

C. Privacy Act

The same result obtains under the Privacy Act. That Act requires that "[e]ach agency that maintains a system of records shall . . . upon request by any individual to gain access to his record or to any information pertaining to him which is contained in the system, permit him . . . to review the record and have a copy made of all or any portion thereof in a form comprehensible to him." 5 U.S.C. § 552a(d)(1). The Act, however, contains several exemptions from its access requirement. See §§ 552a(d)(5), (j)-(k). In order for a court to grant summary judgment in a

---

[1] As to the one page that was referred to DHS, such referral, the propriety of which Plaintiff does not challenge, will be addressed in the context of that agency's motion for summary judgment.

case involving PA requests, an agency must carry its burden to show that it has acted in accord with the statute. See McCready v. Nicholson, 465 F.3d 1, 14 (D.C. Cir. 2006). In the present case, Defendant invokes subsection (j)(2), which protects documents that are maintained by law-enforcement agencies for criminal investigations and that contain personal identifying information.

As with the FOIA withholdings, Exemption (j)(2) appears to be appropriately invoked in this case. Plaintiff, moreover, does not argue otherwise. Such concession demonstrates that there is no dispute of material fact as to this withholding either.

    D.  Segregability

Last, FOIA requires that an agency disclose any reasonably segregable portions of requested records. See 5 U.S.C. § 552(b). Although the government is "entitled to a presumption that [it] complied with the obligation to disclose reasonably segregable material," Hodge v. FBI, 703 F.3d 575, 582 (D.C. Cir. 2013), this presumption of compliance does not obviate its obligation to carry its evidentiary burden and fully explain its decisions on segregability. See Mead Data Cent., Inc. v. U.S. Dep't of Air Force, 566 F.2d 242, 261 (D.C. Cir. 1977). The agency must provide "a detailed justification and not just conclusory statements to demonstrate that all reasonably segregable information has been released." Valfells v. CIA, 717 F. Supp. 2d 110, 120 (D.D.C. 2010) (internal quotation marks omitted); see also Armstrong v. Exec. Office of the President, 97 F.3d 575, 578 (D.C. Cir. 1996) (determining Government affidavits explained nonsegregability of documents with "reasonable specificity").

USNCB has clearly segregated the two responsive records here since they are partially, not fully, redacted, and it has adequately explained its decisions on segregability via the

declaration of Daniel P. Dembkowski.  See Dembkowski Decl., ¶ 20.  Cavezza, moreover, raises no complaint with USNCB's segregation decisions.  Summary judgment may thus be granted.

    E.  Motion to Amend

Cavezza finishes by arguing that he should be permitted to amend his Complaint to add a prayer for damages.  The Court disagrees.  A plaintiff may amend his complaint once as a matter of course within 21 days of serving it or within 21 days of the filing of a responsive pleading.  See Fed. R. Civ. P. 15(a)(1).  Otherwise, he must seek consent from the defendant or leave from the Court.  The latter "should [be] freely give[n] . . . when justice so requires."  Fed. R. Civ. P. 15(a)(2).  It is clear, however, that amendment should not be permitted if it would be futile.  In other words, if the proposed amendment would still render the complaint deficient, courts need not grant leave.  See In re Interbank Funding Corp. Securities Litigation, 629 F.3d 213, 218 (D.C. Cir. 2010) ("[A] district court may properly deny a motion to amend if the amended pleading would not survive a motion to dismiss.") (citing Foman, 371 U.S. at 182, for proposition that "'futility of amendment' is permissible justification for denying Rule 15(a) motion").

As FOIA does not permit monetary damages, see Davis v. Attorney Gen., 562 F. Supp. 2d 156, 159 (D.D.C. 2008) (citing 5 U.S.C. § 552(a)(4)(B) and Johnson v. Executive Office of the U.S. Attorneys, 310 F.3d 771, 777 (D.C. Cir. 2002)), amending Cavezza's Complaint as he desires would be futile.  This Court will thus deny his request.

## IV.     Conclusion

For the foregoing reasons, the Court will issue an Order granting summary judgment to USNCB and denying it to Plaintiff.

/s/ James E. Boasberg
JAMES E. BOASBERG
United States District Judge

Date: July 9, 2015