UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JASON CAVEZZA,

    Plaintiff,

        v.

U.S. DEPT. OF JUSTICE, *et al.*,

    Defendants.

Civil Action No.  15-182 (JEB)

**MEMORANDUM OPINION**

*Pro se* prisoner Jason Cavezza filed this Freedom of Information Act suit on February 5, 2015, against several federal agencies.  More specifically, he sought documents from five Department of Justice components, as well as from the State Department and the Department of Homeland Security.  Cavezza has since been released from prison and deported to Canada, yet he has failed to continue to prosecute this case.  As a result, the Court will grant Defendants' Motion to Dismiss for Lack of Prosecution.

After the filing of the suit, one Defendant – Interpol, U.S. National Central Bureau – moved for summary judgment on April 24, 2015, see ECF No. 9, which Cavezza opposed in May.  See ECF No. 12.  The Court granted the motion on the merits in a Memorandum Opinion issued in July.  See ECF No. 28.  While that motion was pending, Cavezza filed a "Prophylactic Notice of Change of Address" with the Court on May 11, 2015.  See ECF No. 11.  That Notice indicated that he would complete his sentence on May 20 and would thereafter be deported.  See id. at 1.  He stated that upon arrival in Canada, he would "contact the Clerk of this Court, with all new information required."  Id.  Different Defendants then filed their own motions for summary judgment on June 1, 2015.  See ECF Nos. 16-17.  More than three months have now passed since

Plaintiff's Notice, and Cavezza has not opposed these motions, nor has he filed anything further in the case or provided any new address information. Defendants, accordingly, have moved to dismiss for want of prosecution. See ECF No. 26.

Local Civil Rule 83.23 provides: "A dismissal for failure to prosecute may be ordered by the Court upon motion by an adverse party, or upon the Court's own motion. An order dismissing a claim for failure to prosecute shall [typically] specify that the dismissal is without prejudice . . . ." This rule "essentially embodies the standard of Rule 41(b) of the Federal Rules of Civil Procedure, which allows a district court to dismiss an action for failure to prosecute." Smith-Bey v. Cripe, 852 F.2d 592, 593 (D.C. Cir. 1988); see also Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."). "A lengthy period of inactivity may also be enough to justify dismissal under Rule 41(b)." Smith-Bey, 852 F.2d at 594.

Here, Cavezza has neither opposed the pending motions nor had any contact with the Court about his present whereabouts. Local Civil Rule 11.1, moreover, requires that a "[n]otice of change in address or telephone number of . . . a party not represented by an attorney must be filed within 14 days of the change." He is thus in violation of that obligation as well.

Dismissal for want of prosecution, consequently, is appropriate here. The Court will dismiss without prejudice so that if Cavezza ever resurfaces, he will not be barred from filing a future lawsuit. Dismissal now is also in the public interest before other Defendants must go through the effort of filing more motions for summary judgment. See ECF No. 33 (latest motion filed on August 3, 2015). A contemporaneous Order will thus issue dismissing this case.

*/s/ James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: August 19, 2015